338 So.2d 934 (1976)
Henry G. HODGE, III
v.
ST. BERNARD CHAPTER NO. 36, HOME, INC., et al.
No. 7555.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
*935 Tonry & Mumphrey, Richard A. Tonry, Chalmette, for plaintiff-appellant.
Drury, Lozes & Curry, Rene A. Curry, Jr., New Orleans, for defendants-appellees.
Before LEMMON, GULLOTTA and BEER, JJ.
BEER, Judge.
Plaintiff-appellant, Henry G. Hodge, III, sued St. Bernard Chapter No. 36, Home, Inc. (commonly referred to as the D.A.V. Hall), its insurer, The Continental Insurance Company, The Sorcerers Social Club and "John Doe," for injuries sustained as a result of an altercation with "John Doe" at a dance sponsored by The Sorcerers Club and held at the D.A.V. Hall on the evening of October 25, 1969. St. Bernard Chapter No. 36, Home, Inc. and The Continental Insurance Company were the only defendants who responded to plaintiff's petition although The Sorcerers Social Club was cited and served. The trial judge rendered judgment in favor of St. Bernard Chapter No. 36 Disabled American Veterans and The Continental Insurance Company, and against Henry G. Hodge, III, dismissing the suit at plaintiff's cost without reference to The Sorcerers Club or John Doe. Hodge devolutively appeals from that judgment.
Hodge purchased a ticket from his brother-in-law, Leyte Fumar, for the dance which was sponsored by The Sorcerers Club and held at the hall which had been rented from St. Bernard Chapter No. 36, Home, Inc. (hereafter, D.A.V. Hall"). There is some dispute between the parties as to whether D.A.V. Hall or The Sorcerers Club arranged for the presence of two peace officers through the St. Bernard sheriff's office; D.A.V. Hall contending that it arranged for the presence of the officers on behalf of The Sorcerers Club and Hodge, who responded that the officers were employed by the D.A.V. Hall. We find that the resolution of this particular factual dispute is not essential to the ultimate disposition of this matter for reasons hereafter discussed.
Hodge and his wife sat with relatives and friends, and, toward the end of the evening, he visited the men's room and there encountered the unidentified John Doe, attired in a black and gold or black and orange outfit who, Hodge says, continuously blocked his way as he made use of the facilities. As he was leaving the men's room he again encountered this individual and the altercation which is the subject of this litigation took place. Undisputed evidence indicates that the two peace officers who were assigned to the premises immediately responded to indications that an altercation was in progress and broke up the altercation, thereafter allowing Hodge to remain on the premises but ejecting the unknown John Doe. Hodge returned to his table and thereafter began to experience pain allegedly related to injuries incurred in the altercation.
Hodge claims that the D.A.V. Hall failed to properly protect him from the risk of harm which might occur at the hands of a third party. He bases this upon the contention that the deputies on duty that evening knew or should have known of a previous "scuffling" outside the men's room involving a man in a black and gold outfit which *936 allegedly occurred prior to the altercation in which Hodge was hurt.
John Doe was described as being about 5'10" tall, weighing about 170-180 pounds, with dark hair. He was wearing black pants and an orange or gold shirt, as were a number of other people, this being a Halloween dance.
Since he was a paid-up patron of the dance, Hodge was, we conclude, an invitee (see Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3rd Cir., 1962), and the duty owed to Hodge was that of reasonable and ordinary care including prior discovery of reasonably discoverable conditions that may be unreasonably dangerous, and correction thereof or a warning of the danger.
Appellant seeks to assimilate this case to those in which injuries were caused as a result of a defective physical condition of the premises or as a result of a proprietor's omission or commission bearing on the duty owed to its invitees. However, a lessor-owner is obliged to meet the standards set by Article 670 (dealing with the fall of a building or portion of a building) and Article 2322 (relating to damages "occasioned by" the ruin of the owner's "building") which have no application to this case dealing with damage resulting from the violent actions of a third party invitee. The liability of the lessor-owners of the premises (such as defendant-appellee herein) vis-a-vis those who are upon the premises is determined under LSA-C.C. Articles 2315 and 2316. Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970).
Accordingly, in Champagne v. Harahan Lion Club, Inc., La.App., 243 So.2d 292 (1971), we concluded that the owner of premises rented to a club for a purpose of holding a dance has a duty of maintaining the premises in a manner "consistent with the purpose of dancing." Thus, if the D.A.V. Hall breached its duty of maintaining the premises in a manner "consistent with the purpose of dancing," and this breach proximately caused damage to Hodge, he has a basis for recovery. For example, in Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir., 1973), an employee of the owner of a poolroom was warned that a customer was coming back to make trouble. The employee armed himself with a gun in anticipation thereof, and then shot the customer in self-defense when he returned with a butcher-knife or meat cleaver. One of the shots struck the plaintiff who was a bystander. We concluded that the employee's failure to call the police was a breach of his duty under the circumstances as was his failure to warn patrons of the possibility of impending danger. Such breach of duty, to protect the patrons from harm at the hands of fellow guests or employees, was properly imputed to the owner of the poolroom, even though he had no direct knowledge of the circumstances at the time. In Borne v. Bourg, La.App., 327 So.2d 607 (1976), we held that an employee-bartender, who clearly knew of but ignored a potentially dangerous situation provoked by intoxicated customers who were harassing the plaintiff-patron (blinded in the ensuing confrontation) had breached the establishment's duty to safeguard the welfare of its patrons.
These cases are entirely distinguishable from the case at bar, for here there is much doubt as to whether the peace officers who were at the dance had any actual or even implied knowledge of the disruptively violent nature of an unidentified patron; whereas the employees in Borne and Anderson were knowledgeable of imminent danger, had time to call the police in fulfillment of their duty, but failed in their duty by resorting to self-help (Anderson) or allowing the situation to develop to its inevitable violent result (Borne).
Here, the facts regarding the issue of negligence vel non are similar to those in Callender v. Wilson, 162 So.2d 203 (La.App. 1st Cir., 1964), wherein the decedent was shot and killed while she sat at a table in the cafe belonging to the defendant therein. The assailant obtained the pistol from the kitchen immediately prior to the shooting. Immediately after the killing, the assailant turned the gun on himself and took his own life. In holding that the cafe proprietor *937 was not guilty of negligence, the court found ". . . the evidence was conclusive that there was nothing loud or out of order on the night of the tragedy to have aroused anyone's fear that violence would erupt." Furthermore, the court emphasized that even though the proprietor of a restaurant has a duty to protect his patrons from violence, he is not an insurer of the safety of his guests but only owes him a duty to exercise reasonable care. "The rule of reasonable care must be considered, not in light of the actions which happened, but with reference to that which ordinary prudence should have indicated is likely to happen."
Prosser significantly summarizes the invitor's duties as follows:
"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection.. . . The occupier must . . take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. . . (But) there is no liability for harm resulting from conditions from which the occupier did not know and could not have discovered with reasonable care. Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him. . . In particular, the possessor must exercise the power of control or expulsion which his occupation of the premises given him over the conduct of a third person who may be present, to prevent injury to the visitor at his hands. He must act as a reasonable man to avoid harm . . . even from intentional attacks on the part of such third persons. But he is required to take action only when he has reason to believe, from what he has observed or from past experience, that the conduct of the other will be dangerous to the invitee." W. Prosser, Law of Torts at 392-5 (4th ed. 1971). (Emphasis supplied.) Also cf. Cothern, supra, and Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App. 2nd Cir., 1976).
A painstaking review of the testimony of the numerous witnesses called during the trial of this matter supports the apparent factual determination on the part of the trial court that no prior incident (nor any report thereof) was brought to the attention of the management of the D.A.V. Hall or to the peace officers assigned thereto in sufficient detail or with sufficient particularly to have reasonably required the management or the peace officers to take precautionary or prohibiting action beyond that which they did, in fact, take on the evening in question.
Accordingly, the judgment of the 25th Judicial District Court for the Parish of St. Bernard is affirmed at appellant's costs.
AFFIRMED.