CIACCIO, Judge.
Plaintiff Patricia M. St. Cyr appeals from a judgment of the district court which granted the defendants, Catherine Stout Shoppe and Liberty Mutual Insurance Co., a motion for summary judgment and dismissed her suit for worker’s compensation benefits. We reverse the judgment of the trial court on the motion for summary judgment and we remand the case for further proceeding not inconsistent with this decision.
On November 22, 1985 plaintiff filed a verified petition for workers’ compensation benefits against her former employer and its compensation carrier. In her petition, Ms. St. Cyr alleged that she had become totally and permanently disabled as a result of injuries she sustained on March 19, 1984, when a fellow employee rolled a clothing rack through her office. The rack overturned striking the plaintiff and causing her to sustain back injuries. Plaintiff further alleged that her employer had paid compensation benefits of $70.30 per week through December, 1984, but that no benefits were paid thereafter. She averred that she had submitted her claim for compensation to the Office of Workers’ Compensation for informal resolution without success. The petition was not accompanied by a certificate of that office indicating plaintiff's rejection of the administrative resolution of plaintiff’s claim. La.R.S. 23:1311(C).
On December 19, 1985 defendants filed an exception of no cause of action. In support of the exception the defendants argued that the plaintiff received a recommendation of the Office of Worker’s Compensation that she was entitled to temporary total benefits and medical expenses. According to defendants, the plaintiff did not reject this recommendation and she received the benefits to which she was entitled. On the basis of the allegations contained in plaintiff’s petition, the trial court denied the exception, finding that plaintiff stated a cause of action.
On the basis of the same allegations the defendants sought summary judgment. On May 23,1986 the trial court granted the defendants’ motion for summary judgment and dismissed plaintiff’s suit. The plaintiff filed this devolutive appeal.
The sole issue for our consideration is whether the trial court erred in granting the defendants’ motion for summary judgment.
The Louisiana Supreme Court, in Industrial Sand and Abrasive, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 at 1154-55 (La., 1983) discussed the criteria to be utilized in determining whether to grant summary judgment:
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Miller v. East Ascension Tel. Co., 263 So.2d 360 (La.App. 1st Cir.), writs denied, 262 La. 1121, 266 So.2d 430 (1972); cf. Albatross Shipping Corp. v. Stewart, 326 F.2d 208 (5th Cir.1964); see also Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Comment, Development of Jurisprudence in Louisiana Relative to Summary Judgment since. 1960, 12 Loyola L.Rev. 128 (1965-66). The summary judgment procedure in Louisiana is set out in La.C.C.P. art. 966 et seq ...
La.C.C.P. art 966 provides that any party may move for summary judgment at any time, and the mover is entitled to summary judgment in his favor “if the pleadings, depositions, answers to interrogatories, and admissions of fact, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.” Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivals & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st *743 Cir.), writs denied, 403 So.2d 68 (La.1982); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
In support of its motion for summary judgment the defendants allege that there exists “no genuine issue of material fact disputing that plaintiff has received the recommendation of the Office of Worker’s Compensation Administration and no party has rejected the recommendation of the office.” The defendants reason, therefore, that “... all parties are conclusively presumed to have accepted the recommendation.”
In her opposition to the motion for summary judgment, plaintiff contends that she rejected the recommendation of the Office of Worker’s Compensation, however a clerical error by that office prevented her from proving her rejection. She further argues that the filing of this suit clearly evidences her rejection of the recommendation.
The Louisiana Workers’ Compensation Act provides for an administrative resolu-. tion of workers’ claims for compensation. La.R.S. 23:1291 et seq. The Act makes the following provisions regarding a worker’s rejection of the administrative recommendation:
La.R.S. 23 Sec. 1310.1. Processing of claims by office
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties. (Emphasis Supplied)
La.R.S. 23 Sec. 1311. Period to file claim in court; place of filing in general; contents of petition
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
B. The verified petition shall set forth:
(1) The names and addresses of the parties.
*744 (2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolvé the claim has failed.
C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
In this case plaintiff’s petition was not accompanied by the certificate from the Office of Worker's Compensation indicating that the recommendation of that office had been rejected by the plaintiff.
The defendants allege that the reason for the absence of the certificate is because plaintiff never rejected the determination. They therefore argue the plaintiff’s conclusive presumption of acceptance. The defendants’ allegations are not supported by any competent evidence. There are no affidavits offered in support of this motion. The only documentary evidence appearing in the record is a purported letter to the plaintiff from the Office of Worker’s Compensation and a purported schedule of payments. These documents are not authentic in form nor were they evidence to which the parties stipulated. As such, they should not have been considered by the trial court and they will not be considered by this Court.
Under the circumstances we find that the evidence presented by the defendant was inadequate to overcome the allegations of the plaintiff that she rejected the recommendation.
Therefore, we find that the defendants failed to carry their burden of proof on the motion for summary judgment. Since there exists a genuine issue of material fact as to whether the plaintiff filed a timely rejection of the recommendation of the Office of Worker’s Compensation, the trial court erred in granting summary judgment in this regard. We therefore reverse the trial court’s judgment on the defendant’s motion for summary judgment, at defendant’s cost, and we remand the case for further proceedings not inconsistent with this decision.
Although the defendants may ultimately cure the defect in their motion for summary judgment by reapplying for that relief utilizing competent evidence, according to the holding of Disotell v. Wads-worth Golf Construction Company of the Southwest, et.al. (a Louisiana Supreme Court decision rendered subsequent to the ruling on this motion) this plaintiff may nonetheless seek a modification of the initial award before the Office of Workers’ Compensation. La.R.S. 23:1331(C). Diso-tell v. Wadsworth Golf Construction Company of the Southwest, et. al. 500 So.2d 371 (La.1987).
SUMMARY JUDGMENT REVERSED AND CASE REMANDED.