518 So.2d 1077 (1987)
Joycelyn F. TOUPS
v.
Jonthal HAWKINS, Ziegfield's Inc., George Wainer Company, and XYZ Insurance Company.
No. 87-CA-297.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
Rehearing Denied February 17, 1988.
*1078 G. Don Irby, Boutte, for plaintiff-appellant.
Henry E. Yoes III, Robert W. Fenet, Woodley, Barnett, Williams, Fenet, Palmer & Pitre, Lake Charles, for defendant-appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal concerns the granting of a motion for summary judgment. The plaintiff, Joycelyn F. Toups, appeals a summary judgment dismissing her case against the proprietor of a nightclub owned by D-VIN, Inc. d/b/a Ziegfield's Disco. She seeks to hold D-VIN d/b/a Ziegfield's (Ziegfield's) liable for a shooting in which she, as a patron of the nightclub, was injured. We reverse and remand.
LAWSUMMARY JUDGMENT
The mechanism of summary judgment in civil proceedings is provided for by La.C. C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or *1079 without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision makes clear that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). A decision on the motion necessarily involves an examination of the merits of the case as they appear through the pleadings and supporting documentation submitted on trial of the motion.[1]Jones v. City of Kenner, 442 So.2d 1242, 1245 (La.App. 5th Cir.1983).
On appeal, an appellate court reviews the whole of the case submitted, being "permitted to pierce the mere allegations in the pleadings and consider the depositions, affidavits, and admissions on file in order to determine if summary judgment is appropriate." Williams v. Ingredient Technology Corp., 470 So.2d 283, 285 (La.App. 5th Cir.1985). If, upon review,
the pleadings, supporting affidavits, depositions, and exhibits submitted in connection with the motion for summary judgment reveal that there exists no genuine issue of material fact, a summary judgment should be granted as a matter of law. Stated conversely, it should be denied if there is (1) a genuine issue of fact and (2) it is material to the case.
Brown v. B & G Crane Serv., Inc., 172 So.2d 708, 710 (La.App. 4th Cir.1965). In evaluating the first of these elements, a court must remain cognizant that "A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment." Brown at 710. Likewise, "Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached *1080 exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion." Burke v. Occidental Life Ins. Co. of California, 427 So.2d 1165, 1168 (La. 1983); Mashburn v. Collin, 355 So.2d 879, 890 (La.1977). Summary judgment often is not appropriate where subjective facts such as motive, intent, malice, good faith, or knowledge are involved. Berger v. Fireman's Fund Ins. Co., 305 So.2d 724, 727 (La.App. 4th Cir.1974).
Notwithstanding the foregoing constraints, however, a reviewing court in order to deem summary judgment improper must satisfy itself that true issues exist necessitating decision by a factfinder. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." Brown at 710. Or, as more recently expressed by our Court, "Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested issues of fact are so patently insubstantial as to present no genuine issues. Allegations without substance will not preclude summary judgment." Jones at 1245. Finally, "Ultimate or conclusionary facts and conclusions of law contained in supporting affidavits cannot be utilized on a summary judgment motion." Honeycutt v. Int'l Paper Co., 421 So.2d 1161, 1162 (La.App. 2d Cir.1982).
As to the second enumerated requirement, that the genuine issue be material, it has been interpreted to mean that
a plaintiff can only move when there is no issue of any fact material to any of the several elements of his entire cause of action; yet a defendant can move where the only undisputed facts are those material to only one element, the resolution of which in his favor disposes of the case. But this is always plaintiff's burden; he must prove every element of his cause of action; defendant needs only to defeat plaintiff on one element to win. Laird v. Travelers Indemnity Co., 236 So. 2d 561, 564 (La.App. 4th Cir.1970).[2] That is, the presence of a genuine but nongermane issue cannot defeat a mover's obtaining summary judgment. However, any doubt as to the absence of any genuine issue of material fact must be resolved against grant of the motion and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510, 515 (La.1973); Ferina v. Howard, 285 So.2d 805, 808 (La.App. 3d Cir. 1973). In particular, "It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court." Brown at 710; Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1194 (La.1984); Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3d Cir. 1983).
Upon hearing the motion, the burden of proof initially is on the mover to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Even if no issue of material fact is disputed, summary judgment is improper if the mover is not entitled to judgment as a matter of law. Credithrift of America, Inc. v. Williams, 426 So.2d 339, 341 (La. App. 2d Cir.1983). Moreover, as stated in Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981),
To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress & Co. [398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ], supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S.H. Kress & Co., supra; 6 Moore's Federal Practice, § 56.15[3].
*1081 In accord with the provisions of La.C.C.P. art. 967, the burden of proof functions as follows:
the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); see also Jones at 1246.
LAWA PROPRIETOR'S DUTIES TO HIS PATRON
Recognizing our statutory scheme, we will now address whether the pleadings and supporting affidavits of all parties established that there remains an issue of material fact which gives rise to a cause of action. In exercising our standard of review, we are guided by our jurisprudence.
A business proprietor owes to his patrons the duty to provide a reasonably safe place. Harris v. Pizza Hut of La., Inc., 455 So.2d 1364, 1369 (La.1984). Although he is not the insurer of his patrons or guests, the proprietor owes them a duty to exercise reasonable care to protect them in both their person and their property. De Hart v. Travelers Ins. Co., 10 So.2d 597, 598 (La.App.Orl.Cir.1942); Borne v. Bourg, 327 So.2d 607, 610 (La.App. 4th Cir.1976); Anderson v. Clements, 284 So. 2d 341, 344 (La.App. 4th Cir.1973). This general duty to protect extends to harm from insult, annoyance, and danger. Anderson at 344. Duty itself is a question of law, Harris at 1371, and the proprietor's general duty toward his patrons has been construed to encompass a number of more specific obligations. First, the proprietor must himself refrain from any conduct likely to cause injury to a guest. Anderson at 344, quoting Matranga v. Travelers Ins. Co., 55 So.2d 633, 636 (La.App.Orl.Cir. 1951), quoting, in turn, the decision of the district court. He must maintain his premises free from unreasonable risks of harm or warn patrons of known dangers thereon. Miguez v. Urban Dev., Inc., 451 So.2d 614, 617 (La.App. 5th Cir.1984), writ denied, 452 So.2d 1176 (La.1984); see also Hodge v. St. Bernard Chapter No. 36, Home, Inc., 338 So.2d 934, 936 (La.App. 4th Cir.1976). Beyond these measures, the proprietor must exercise reasonable care to protect his guests from harm at the hands of an employee, another guest, or a third party. Anderson at 344; Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360, 362 (La.App. 1st Cir. 1980), citing Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir. 1965). Reasonable care in the context of the threat of harm presented by the enumerated parties has been interpreted, in turn, to embrace certain subduties. First, should a disturbance or a likely disturbance manifest itself, the proprietor, if time allows, must attempt to prevent injury to his patrons by calling the police. Anderson at 344; Borne at 610, quoting Anderson. Second, should the business owner or manager become aware of impending or possibly impending danger, he must warn his patrons of the potential danger. Anderson at 345. As to criminal acts performed by third parties specifically, there is, generally, no duty to protect others from the criminal acts of those parties. Harris at 1371, citing Restatement (Second) of Torts § 314; W. Prosser, Law of Torts § 33 at pp. 173-74 (4th ed. 1971). That is, the general duty of reasonable care does not extend to protecting patrons from the unanticipated criminal acts of third parties. Pennington at 362. Only when the proprietor has knowledge of, or can be imputed with knowledge of, the third party's intended conduct is the duty to protect invoked, triggering the subduties discussed above. Pennington at 362; Miquez at 617; Crochet v. Hosp. Serv. Dist. No. 1 of Terrebonne Parish, 476 So.2d 516, 517 (La.App. 1st Cir.1985), writ denied, 478 So.2d 1235 (La.1985). Finally, notwithstanding the general absence of any duty to protect against third-party criminal acts, an obligation to protect, once voluntarily assumed *1082 by the business owner or manager, must be performed with due care. Harris at 1369. Specifically, "A business which undertakes to hire a security guard to protect itself and its patrons is liable for physical harm which occurs because of negligence on the part of that guard." Harris at 1369. Whether violence that results from the breach of an assumed duty of protection was reasonably foreseeable and is a cause-in-fact of an injury is a factual inquiry. Harris at 1369.
ANALYSIS
From our review of the record, we see the pleadings, along with Joycelyn Toups' affidavits of November 20, 1986 and December 11, 1986 and Scott Toups' affidavit of December 6, 1986. Additionally, we see that Ziegfield's submitted a memorandum in support of its motion, quoting various deposition testimony not appearing of record. Such testimony does not constitute receivable evidence and does not establish of record any evidence that can be considered in support of the motion. See St. Cyr v. Catherine's Stout Shoppe, 505 So. 2d 741, 744 (La.App. 4th Cir.1987); Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir.1985).
Based on the receivable evidence, we find issues of material fact are established by the pleadings and the supporting affidavits. We particularly note Scott Toups attests that the defendant had an established policy of discouraging blacks from attending its lounge and promoted their ejection for trivial reasons. According to the affidavit, there was an ongoing policy implemented by the defendant to eject blacks upon their failure to drink constantly, upon their attempting to talk with white patrons, or in response to their indulging in various minor actions. Moreover, this affidavit asserts that these established policies created an environment that encouraged hostilities to erupt upon the defendant's premises. The allegation of such a policy in conjunction with the allegation of prior altercations on the premises raises an issue of material fact as to the proprietor's knowledge or imputed knowledge of danger to his patron.
Additionally, the affidavits of both Joycelyn F. Toups and Scott Toups attest to the fact that the gunshot, which caused injury to the plaintiff, occurred within the premises of Ziegfield's, which allegation raises factual questions of exactly how the accident occurred, where the accident occurred, and by whom plaintiff was shot. Finally, Ziegfield's pleadings do not fully meet the plaintiff's contention that it failed "to provide adequate security for [its] customers." Because the failure to fulfill a duty of protection, once assumed, with due care may be a basis for the plaintiff's recovery and because the defendant has not controverted such failure beyond a bare denial, facts pertinent to due care protection remain clearly at issue. For these reasons, we find the trial court erred in finding no genuine issue as to material fact and that mover was entitled to judgment as a matter of law.
For the reasons assigned, the judgment of the trial court is reversed, and the matter is remanded for further proceedings. All costs of this appeal are to be assessed against the appellee.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. art. 967 provides for the submission of such documentation and delineates the burden of proof thereon as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.
[2] This materiality portion of the formula has received little explication in comparison to the genuine issue requirement. Note that this Court in Jones, supra, probably really was speaking to materiality problems when it referred to "insubstantial" issues.