GRISBAUM, Judge.
INTRODUCTION
This appeal relates to a wrongful death action in which the plaintiffs are appealing the granting of summary judgment in favor of the defendants. We set aside and remand.
ISSUES
The bottom line issue presented is whether the plaintiffs’ failure to timely comply with the trial court’s order to name an expert witness was proper grounds upon which to grant summary judgment. FACTS
On March 17, 1985, Ronson Clements, an 18 month old infant, was admitted to Ochs-ner Medical Foundation for surgical correction of a congenital heart defect. After performing the surgery, Dr. John Ochsner turned over the infant’s post-operative care to Dr. Walter Culpepper, III, a pediatric cardiologist. Ronson died on March 26, 1985. The autopsy report stated the cause of death as gross bilateral pulmonary edema, fluid in the lungs. Ronson’s parents filed suit against Dr. Culpepper and Ochs-ner Medical Foundation on July 14, 1987. On July 13, 1989, defendants filed a motion for summary judgment on the basis that plaintiffs had failed to name an expert witness and therefore, could not prove the applicable standard of care and breach thereof. Plaintiffs attached the affidavits of the three pediatric cardiologists who served on the Medical Review Panel which found neither Dr. Culpepper nor the hospital negligent. In response, plaintiffs submitted the affidavit of Dr. Michael Cox, a doctor/lawyer, whom they had employed to evaluate the merits of their case. After hearing the arguments of counsel, the trial court stated:
The only question is whether there is a substantial question of facts and I guess under the circumstances there is one. Whether in fact the case can ultimately be proved, whether in fact, at best put those questions aside, there still remains a substantial question so I must deny the motion for summary judgment.
On August 16, 1989, the trial court signed the judgment denying the motion for summary judgment, but reserved to defendants the right to reurge the motion prior to the trial and ordered the plaintiffs to name their expert witness within 30 days. On or about October 2, 1989, which was after the 30 day period, defendants placed in the mail a motion to reurge their previous motion for summary judgment. Thereafter, on October 9, 1989, plaintiffs sent defendants a letter naming an expert. On October 11, 1989, the trial court, without a hearing, granted the defendants’ motion for summary judgment.
LAW
The mechanism of summary judgment was succinctly stated by this Court in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987).
LSA-R.S. 9:2794 provides:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
*73 (3)That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
B. Any party to the action will have the right to subpoena any physician, dentist or chiropractic physician for a deposition and/or testimony for trial to establish the degree of knowledge or skill possessed or degree of care ordinarily exercised as described above without obtaining the consent of the physician, dentist or chiropractic physician who is going to be subpoenaed. The fee of the physician, dentist or chiropractic physician called for deposition and/or testimony under this Section will be set by the court.
La.C.C.P. art. 1471 provides:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5)Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
ANALYSIS
As this Court has stated “ad nauseam”, summary judgment should only be granted if there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. Here, the affidavit of Dr. Cox clearly shows the existence of material issues of fact, which the trial court emphatically recognized in its denying the initial motion for summary judgment filed on behalf of defendants. The plaintiffs’ subsequent failure to timely comply with the trial court’s order to name an expert, while this may subject them to sanctions vis-a-vis contempt and/or dismissal of the action itself, cannot and does not negate the fact that there are genuine issues of fact which, of necessity, preclude the granting of summary judgment.
For the reasons assigned, the judgment of the trial court dated October 11, 1989, is hereby set aside and the matter is remanded for further proceedings consistent with the views expressed herein.
SET ASIDE AND REMANDED.