GRISBAUM, Judge.
This appeal arises out of a summary judgment. We set aside and remand. ISSUE
The sole issue presented is whether the statutory scheme of summary judgment permits questions of law to be satisfied by affidavit.
BASIC RECORD FACTS AND PROCEDURAL HISTORY
Mr. Jack D. Taylor was employed by the Federal Home Loan Bank Board (FHLBB) as a field manager until 1982. The FHLBB supervises savings and loan associations. *1234 In that position, he was allowed to accept loans from saving and loan associations, but was required to report to the bank board all loans and loan commitments he obtained from these institutions.
In August 1980, Mr. and Mrs. Taylor applied for a loan at Dixie Savings & Loan Association (Dixie) (now Oak Tree Savings Bank). Dixie declined to make the loan and referred them to National American Bank (NAB) (now Alerion Bank). The Taylors applied at NAB and received the loan. In conjunction with this loan, NAB arranged for and obtained a take-out loan commitment from Dixie. It is disputed whether the Taylors knew of the existence of the take-out commitment. Mr. Taylor did not report Dixie’s loan commitment to his employer because he alleges he did not know of its existence. He was fired on June 2, 1982, after the FHLBB learned of the takeout loan commitment.
Suit was brought against Dixie, Fidelity and Deposit Insurance Company of Maryland (Dixie’s liability insurer), Mortgage Guaranty Insurance Corporation (Dixie’s directors’ and officers’ liability insurer), Lloyd O’Quinn, the president of Dixie, and Alerion Bank (formerly the National American Bank). On the eve of the trial, a settlement was reached with Dixie and Fidelity and Deposit Insurance Company of Maryland. Mortgage Guaranty Insurance Corporation was dismissed from the suit several weeks before trial, it having been determined that there was no coverage. Lloyd O’Quinn was dismissed from the suit after he was granted a discharge in bankruptcy court.
On the morning of trial, NAB’s successor, Alerion Bank, filed a Motion for Summary Judgment, raising three issues: (1) that Mr. Taylor knew of the existence of the loan commitment; (2) that Alerion Bank owed no duty to disclose Dixie’s loan commitment to Mr. or Mrs. Taylor; and (3) that the plaintiffs’ settlement with Dixie and its insurer precluded assertion of the claim against Alerion Bank. The parties agreed to submit solely the issue of the existence of a duty by Alerion Bank to the plaintiffs for a determination by the court on stipulated facts.
Plaintiff alleges that NAB owed him a legal duty, under state tort law, La.C.C. arts. 2315 and 2316, to disclose the existence of the take-out letter to him because NAB knew it could damage the plaintiff.
The trial court found that, as a matter of law, Alerion Bank owed no legal duty under state law to disclose to the plaintiff the existence of the take-out loan commitment, even though Alerion Bank knew that Taylor worked for the FHLBB and that he was required to disclose all loans and loan takeout commitments.
ANALYSIS
The law of summary judgment is thoroughly discussed in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987). Summary judgment should be granted only when reasonable minds conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. The burden of proof is on the mover, and justice is best served by resolving all doubt against the granting of the motion for summary judgment.
This Court recognizes there is a visceral connexity between federal and state laws and regulations in the area of the banking industry. Ergo, numerous precepts and concepts necessarily play an important role when we consider whether a party litigant is entitled to judgment as a matter of law. We appropriately note that preemption of state law occurs when Congress, in enacting a federal statute, expresses clear intent to preempt state law, when there is an outright actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in the federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying the entire field of regulation and leaving no room for states to supplement federal law, or where state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. La. Public Serv. Comm’n v. Fed. Communications
*1235 Comm’n, 476 U.S. 355, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986).
The consideration of whether a state provision violates the supremacy clause starts with the basic assumption that Congress did not intend to displace state law. Maryland v. Louisiana, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981).
Preemption of state law by federal statute or regulation is not favored in the absence of persuasive reasons, either that the nature of the regulated subject matter permits no other conclusion or that Congress has unmistakably so ordained. Chicago and N. W. Tmnsp. Co. v. Kalo Brick & Tile Co., 450 U.S. 811, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981).
Ordinarily, the mere existence of a federal regulatory or enforcement scheme does not by itself imply the preemption of state remedies. And, ordinarily, state causes of action are not preempted solely because they impose liability over and above that authorized by federal law. English v. Gen. Elect. Co., 496 U.S. 72,110 S.Ct. 2270, 110 L.Ed.2d 65 (1990).
We see that the trial court, in its oral Reasons for Judgment, granted summary judgment in favor of Alerion Bank because
it’s a heavily regulated industry and the regulations require the banks and homesteads, savings and loans to assert things and many, many things are required of them to do, one of which is not to, because no statutory law has been cited to me as to my duty — they have to inform a borrower who gets the benefit of a loan which they are seeking that they had a take-out commitment from another bank.
From the trial court’s projected rationale, it appears that the trial court was influenced by an affidavit submitted by the appellee’s attorney, which was part of his documentation representing his opinion as a matter of law, i.e., Alerion Bank owed no legal duty to disclose the existence of the irrevocable take-out commitment letter to its borrower, plaintiff Taylor.
This Court frankly admits that it has never been presented with the question of whether our statutory scheme of summary judgment regarding a matter of law could be satisfied by affidavit. Granted, this is a unique approach; however, let it be clearly understood that the question of whether a mover is entitled to judgment as a matter of law cannot be satisfied by affidavit. Commonsensibly, the receivable evidence as envisioned by the redactors of summary judgment (La. C.C.P. art. 966) is reserved for issues of material fact, not law. Ergo, despite the stipulation of facts and the accompanying documentation, we necessarily conclude that reasonable minds would not agree that the appellee-mover for summary judgment is entitled- to judgment as a matter of law. We are likewise convinced the record demonstrates that reasonable minds could also disagree that there are no issues of material fact.
For the reasons assigned, the judgment of the trial court is hereby vacated and set aside and the matter is remanded for further proceedings. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.