JjPATRICK J. MeCABE, Judge Pro Tem.
This is the second time this matter has been before this Court. Upon remand, the trial court granted the appellant’s Motion for Summary Judgment and from that decision the appellant again appeals. Because we see this matter is not ripe for summary judgment, we vacate the trial court’s decision and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

This matter arises out of a dispute between siblings stemming from the handling of their mother’s succession. Gloria Wein-berger Radillo was cast in judgment in favor of two sisters and a brother for $100,000, for breach of her fiduciary duties as trustee of several family trusts. The judgment creditors filed a Writ of Fieri Facias to have Gloria Radillo’s house sold to satisfy the judgment. The house was sold for some $106,000, and, after payment of the first mortgage band costs, $60,000 remained. These proceeds were deposited in the registry of the court.
*1117 Just prior to the sale of the property, the appellant, Elba Weinberger, a third sister not a judgment creditor of the $100,000 judgment, demanded payment of the second mortgage she held on Gloria Radillo’s home. The appellees filed a Rule to Rank Claims. The trial court heard this rule and summarily held the second mortgage to be a simulation.
Elba Weinberger appealed and, in this Court’s decision we stated that “on the incomplete record before us it appears that the trial judge erred in conducting the proceeding summarily, and fell into manifest factual error in setting aside the mortgage at issue, and legal error in not sustaining the exception of prescription as to the revocatory action.” We vacated the judgment as far as it set aside the mortgage at issue and remanded the matter with instructions that the case be converted into an ordinary proceeding under La.Code Civ.P. art. 2164.
On remand, the appellant filed an Exception of Prescription/Peremption, and a Motion for Summary Judgment. After a hearing on the matter, the trial judge granted the motion for summary judgment, finding in favor of Elba Weinberger in the amount of $14,500, plus interest and attorney’s fees, with each party bearing its own costs. Elba Weinberger now appeals this decision.

ISSUES AND ANALYSIS

The appellant claims the trial judge erred in awarding only $14,500 in damages. Summary judgment is appropriate only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Further, our standard of review concerning summary judgment is that a court may grant summary judgment only when reasonable minds could conclude there is no hgenuine issue of material fact and that the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Toups v. Hawkins, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987). The question of the amount owed to the appellant is clearly a genuine issue of material fact in this case. Consequently, summary judgment should not have been granted in this matter.
The appellees argue that the judgment below is based on a stipulation in open court by the parties. To support this argument, the appellees attached a copy of the transcript of the proceedings to their brief. We note that, if we were to consider this transcript, we find no stipulation exists. However, if the appellees intended this Court to consider the above-mentioned transcript, the record should have been supplemented to include it.[1]
Based on the above discussion, we vacate the decision of the trial court and remand this matter for further proceedings. Each party to this appeal is to bear its own costs.

VACATED AND REMANDED.

. We further note that this record is quite confusing. The appellant's brief makes reference to a deposition given by Elba Weinberger, which is nowhere in the record, and each cite to the record made by the appellant in her brief under the Statement of Facts is incorrect. This Court would have a very difficult time with the record as it stands in conducting a de novo review and passing judgment on this issue. However, because there is a glaring issue of material fact in this case, the state of the record before us does not preclude us from deciding this matter.