| iGRISBAUM, Judge.
This is a summary judgment matter wherein the defendant-appellant, Louisiana Patient’s Compensation Fund (“LPCF”), appeals the judgment of the trial court which granted summary judgment in favor of the plaintiff-appellee, Ronald Harrison, on the issue of damages. We set aside, vacate, and remand.

ISSUE

The single issue presented is whether summary judgment is appropriate for the determination of a quantum award.

FACTS AND PROCEDURAL HISTORY

This matter involves a medical malpractice claim by Ronald Harrison for the death of his wife, Doris Harrison, and his minor child, Avery Doyle Harrison.
Doris Harrison, a prenatal patient of Dr. T. Richard Smith, was admitted to Meadow-crest Hospital in labor at 12:10 a.m. on September 22, 1989. Prior to |2this, Mrs. Harrison had informed Dr. Smith that she and her husband were Jehovah’s Witnesses and did not wish any blood products to be used at the time of the delivery of their child. Dr. Smith was called by the nurse on the delivery unit 30 minutes after the patient arrived, but he did not immediately proceed to the hospital.
At 9:45 a.m., Mrs. Harrison’s fetal heart monitor ceased reflecting a heartbeat for her unborn child, and the nursing staff asked Dr. Wayne Grundmeyer to deliver the baby. At 9:53 a.m., Dr. Grundmeyer opened the patient and delivered a male infant with the umbilical cord tightly wrapped around his neck. Dr. Grundmeyer had begun to close the patient when Dr. Smith arrived and took over.
At this point, Dr. Smith determined it was necessary to perform further surgery on Mrs. Harrison’s uterus. While the surgery was being performed, Mr. and Mrs. Harrison both vehemently refused the use of any blood and/or blood products.
After the surgery, in the recovery room, Mrs. Harrison’s condition began to worsen and she eventually died. An autopsy revealed the cause of death to be anemia and hypovolemia, which is a decrease in the amount of circulating blood.
The baby, Avery Doyle Harrison, died on October, 14, 1989, 21 days following his birth, from complications resulting from the umbilical cord that was wrapped around his neck.
Pursuant to La.R.S. 40:1299.44(0(5), plaintiff reached a court-approved settlement with Dr. Smith and his insurer in the amount of $100,000 and pursued his case against LPCF.
On October 21, 1994, the plaintiff filed a motion for summary judgment predicated on the fact that, under La.R.S. 40:1299.44(0(5), the $100,000 payment constituted an admission of liability by the health-care provider. Plaintiff 13further alleged there were no genuine issues of material fact which could result in a judgment against LPCF in an amount *5 less than the $400,000 allowed by the medical malpractice cap, plus medical expenses.
On December 13, 1994, the district court judge granted plaintiffs motion for summary judgment and entered judgment against LPCF in the sum of $400,000, the amount allowed by the cap, and $62,515.04 in past medical expenses.
It is from this judgment that defendant, LPCF, appeals.

STANDARD OF REVIEW

We review summary judgments de novo under the same criteria that governs the district court’s consideration of whether summary judgment is appropriate. Advanced Orthopedics, L.L.C. v. Moon, 95-76 (La.App. 5th Cir. 5/30/95), 656 So.2d 1103. Importantly, the mechanics for our review are well-settled and clearly stated in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987).
Finally, this Circuit has, of recent vintage, stated that, “Neither is a summary judgment the appropriate vehicle for the disposition of a case when the ultimate decision will be based on opinion evidence or the judicial determination of subjective facts.” Caplan v. Pelican Homestead and Savings Assoc., 542 So.2d 622, 626 (La.App. 5th Cir.1989).

ANALYSIS

The record shows that damages claimed by appellee include such items of recovery as loss of love and affection, loss of support, loss of consortium, pain and suffering of his wife and minor child, pain and suffering of appellee, as well as Lejeune damages for appellee’s viewing of the pain and suffering of his wife and minor child.
It is axiomatic that such claims of general damages are subjective and do not lend themselves to exact and consistent quantification. As demonstrated by Uthe quantum cases cited by both appellant and appellee in their memoranda, not only is it possible for reasonable persons to differ as to the proper amount of such damages, but, in fact, they often do differ as to such awards. Any award will be based on how much his wife and child suffered and how close he was to each and the amount of love and affection he has lost. With such subjective factors in the balance, it is impossible to say that reasonable minds must conclude that any one amount is the only possible award.
Therefore, it cannot be said that reasonable minds must inevitably conclude that ap-pellee is entitled to an award of the full $400,000 allowed by the medical malpractice cap. Ergo, the trial court’s granting of ap-pellee’s motion for summary judgment was clearly inappropriate.
For the reasons assigned, the trial court’s judgment is hereby set aside, vacated, and remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellee.

SET ASIDE, VACATED, AND REMANDED.