694 So.2d 1090 (1997)
Ronald HARRISON, Individually and on Behalf of his wife, Doris Harrison and on Behalf of his minor child, Avery Doyle Harrison
v.
Dr. T. Richard SMITH, Dr. Wayne Grundmeyer and Meadowcrest Hospital.
No. 96-CA-1005.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
G. Frederick Kelly, III, Kelly & Davenport, New Orleans, for Plaintiff/Appellant.
Lawrence D. Wiedemann, New Orleans, for Defendant/Appellee.
*1091 Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This matter involves a medical malpractice and wrongful death claim by Ronald Harrison for the death of his wife, Doris Harrison, and his minor child, Avery Doyle Harrison.
Pursuant to La. R.S. 40:1299.44(C)(5), on May 19, 1994, plaintiff reached a court-approved settlement with one of the doctors on the case, Dr. Smith and his insurer, in the amount of $100,000. Plaintiff, in this settlement, reserved his rights against the Louisiana Patient's Compensation Fund (hereinafter PCF) for the full amount of damages recoverable.
Also on May 19, 1994 plaintiff reached a court-approved settlement with all involved parties regarding his claims on behalf of his minor child, Avery Doyle Harrison. Plaintiff did not, in this settlement, reserve his rights against PCF for any further damages recoverable.
On October 21, 1994, the plaintiff filed a motion for summary judgment predicated on the fact that, under La. R.S. 40:1299.44(C)(5), the $100,000 payment constituted an admission of liability by the health-care provider. Plaintiff further alleged there were no genuine issues of material fact which could result in a judgment against PCF in an amount less than the $400,000 allowed by the medical malpractice cap, plus medical expenses.
On December 13, 1994, the district court judge granted plaintiff's motion for summary judgment and entered judgment against PCF in the sum of $400,000, the amount allowed by the cap, and $62,515.04 in past medical expenses together with legal interest.
On January 30, 1996 this Court rendered a decision vacating the trial court judgment and remanding the case to the District Court. T. Richard Smith, M.D. and the Louisiana Patient's Compensation Fund v. Ronald Harrison, et. al., 95-517 (La.App. 5th Cir. 1/30/96), 669 So.2d 3. Thereafter, plaintiff applied to the Louisiana Supreme Court for Supervisory Writs, which application was denied on April 26, 1996.
Subsequent to these decisions plaintiff filed on May 21, 1996 a Motion for Partial Summary Judgment, seeking the immediate payment of all medical costs associated with the treatment of both Doris Harrison and Avery Doyle Harrison, $11,238.68 and $51,278.35 respectively. On August 20, 1996 the trial court granted partial summary judgment.
On September 30, 1996 the plaintiff filed a Motion for Summary Judgment again seeking to be awarded the statutory maximum of $400,000 in damages. Plaintiff based this motion on the recent decision of the Louisiana Supreme Court in Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893. On November 14, 1996 the trial court granted summary judgment on the basis of Bijou and awarded plaintiff $400,000 plus costs and interest. It is these two judgments that are on appeal.
The facts in this case were summarized in our previous decision. T. Richard Smith, M.D. and the Louisiana Patient's Compensation Fund v. Ronald Harrison, et. al., 95-517 (La.App. 5th Cir. 1/30/96), 669 So.2d 3 at 4 as follows:
Doris Harrison, a prenatal patient of Dr. T. Richard Smith, was admitted to Meadowcrest Hospital in labor at 12:10 a.m. on September 22, 1989. Prior to this, Mrs. Harrison had informed Dr. Smith that she and her husband were Jehovah's Witnesses and did not wish any blood products to be used at the time of the delivery of their child. Dr. Smith was called by the nurse on the delivery unit 30 minutes after the patient arrived, but he did not immediately proceed to the hospital.
At 9:45 a.m., Mrs. Harrison's fetal heart monitor ceased reflecting a heartbeat for her unborn child, and the nursing staff asked Dr. Wayne Grundmeyer to deliver the baby. At 9:53 a.m., Dr. Grundmeyer opened the patient and delivered a male infant with the umbilical cord tightly wrapped around his neck. Dr. Grundmeyer had begun to close the patient when Dr. Smith arrived and took over.
At this point, Dr. Smith determined it was necessary to perform further surgery on Mrs. Harrison's uterus. While the surgery *1092 was being performed, Mr. and Mrs. Harrison both vehemently refused the use of any blood and/or blood products.
After the surgery, in the recovery room, Mrs. Harrison's condition began to worsen and she eventually died. An autopsy revealed the cause of death to be anemia and hypovolemia, which is a decrease in the amount of circulating blood.
The baby, Avery Doyle Harrison, died on October, 14, 1989, 21 days following his birth, from complications resulting from the umbilical cord that was wrapped around his neck.
Appellant, in his first assignment of error, alleges that the trial court erred in granting the plaintiff's motion for partial summary judgment awarding $62,515.04 in medical damages. Plaintiff's memorandum in support of the partial summary judgment separates the medical expenses as follows: medical bills for Doris Harrison$11,238.68 and medical bills for Avery Doyle Harrison $51,276.36. [See Record pp. 254-255.] Appellant argues that the award of $51,276.36 for the medical expenses of the child, Avery Doyle Harrison, is barred by Res Judicata because of the settlement and release executed by plaintiff on May 19, 1994.
In that settlement plaintiff, on behalf of himself and his minor child, for consideration of $40,000 agreed to "release and forever discharge" all parties in this action and their insurers from:
"any and all claims, demands, actions, and causes of actions for damages, compensation, medical payments, court costs, attorney's fees, penalties, interests, expenses and loss of any and every kind whatsoever, whether or not of the kind enumerated, directly or indirectly sustained or suffered by myself and by the minor, on account of, or in any way growing out of any all known and unknown personal injuries, medical expenses and property damages which resulted or may result from a certain incident which occurred during the hospitalization of Doris Harrison in the birthing and treatment process of Avery Doyle Harrison in the Meadowcrest Hospital, which event occurred on or about September 22, 1989, including, without limitation, all claims and demands made by me in the suit entitled "Ronald Harrison, et. al. vs. Dr. T. Richard Smith, et. al."
As evidenced by this Release Agreement, the parties have entered into a transaction or compromise. The codal articles governing transaction and compromise are set forth in LSA-C.C. Arts. 3071 through 3083. LSA-C.C. Art. 3071 defines a compromise as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." LSA-C.C. Art. 3071 further provides that a compromise is a written contract. Therefore the compromise should be governed by the same general rules of construction applicable to contracts.
LSA-C.C. Art. 2046 sets forth a general rule of construction, providing that "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Brown v. Drillers, Inc., 630 So.2d 741, (La.1994). The explicit language in this settlement releases all parties from further payments for medical expenses. Mr. Harrison's demand for, and the trial court's subsequent grant of the $51, 276.36 relating to the medical bills of Avery Doyle Harrison is a violation of the release form signed by Mr. Harrison.
Further, LSA-C.C. Art. 3078 declares the effect of a compromise, providing that a compromise has the legal efficacy of a judgment, possessing "a force equal to the authority of things adjudged," and that a compromise "can not be attacked on account of any error in law or any lesion."
Based on LSA-C.C. Art. 3078, a valid compromise can form the basis of a plea of res judicata. Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La.1987). There has been no claim that Mr. Harrison's settlement is invalid. Therefore, this settlement is the law between the parties and Mr. Harrison is barred by Res Judicata from asking for any further damages relating to the medical treatment of Avery Doyle Harrison. *1093 Therefore, the trial court erred in granting Mr. Harrison the $51, 276.36 attributable to the medical treatment of his son.
Appellant alleges, in his second assignment of error that the trial court erred in granting the motion for summary judgment based upon the recent decision in Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893.
Although it is true that in Bijou the Supreme Court reinstated the trial court's summary judgment on a medical malpractice claim, we find the facts in Bijou to be distinguishable from the facts in the case at hand. The Bijou court held that the amount of damages to be awarded is a question of fact. However "where the facts have been established by the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law, a summary judgment shall be rendered." Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893 at 897.
Bijou involved a case of a man who was rendered quadriplegic as a result of surgery. The plaintiff in Bijou, in addition to severe injuries, which left him in a vegetative state, sustained damages for wage loss of $930,019.00. This amount for lost wages alone, with no consideration of past or future pain and suffering, far exceeded the statutory $500,000 cap. The amounts in Bijou for lost wages were factual issues proven by affidavit, there was no issue of material fact regarding whether the damages exceeded the cap.
The case at hand, however, differs. Unlike Bijou, the damages in question are not ongoing, and the amounts not only are not proved by affidavit, but are incapable of such proof. The trial court, in its reasons for judgment, stated that "even nominal love and affection between the parties would certainly lead reasonable men to award at least $500,000.00 for the loss of a wife and a child." We disagree. In our previous determination upon this issue we found that:
"The record shows that damages claimed by appellee include such items of recovery as loss of love and affection, loss of support, loss of consortium, pain and suffering of his wife and minor child, pain and suffering of appellee, as well as Lejeune damages for appellee's viewing of the pain and suffering of his wife and minor child.
It is axiomatic that such claims of general damages are subjective and do not lend themselves to exact and consistent quantification. As demonstrated by the quantum cases cited by both appellant and appellee in their memoranda, not only is it possible for reasonable persons to differ as to the proper amount of such damages, but, in fact, they often do differ as to such awards. Any award will be based on how much his wife and child suffered and how close he was to each and the amount of love and affection he has lost. With such subjective factors in the balance, it is impossible to say that reasonable minds must conclude that any one amount is the only possible award.
Therefore, it cannot be said that reasonable minds must inevitably conclude that appellee is entitled to an award of the full $400,000 allowed by the medical malpractice cap. Ergo, the trial court's granting of appellee's motion for summary judgment was clearly inappropriate." T. Richard Smith, M.D. and the Louisiana Patient's Compensation Fund v. Ronald Harrison, et. al., 95-517 (La.App. 5th Cir. 1/30/96), 669 So.2d 3, at 5.
For the above reasons, the Partial Summary Judgment of August 20, 1996 should be amended to exclude the damages of $51,276.26 relating to the treatment of Avery Doyle Harrison. In all other respects, this judgment is affirmed. As amended, this judgment is affirmed.
For the reasons assigned, the trial court's November 14, 1996 Summary Judgment is hereby reversed and remanded for further proceedings consistent with the views expressed herein.
All costs of this appeal are to be assessed against the appellee.

*1094 Judgment of August 20, 1996 AMENDED, AS AMENDED AFFIRMED.

Judgment of November 14, 1996 REVERSED AND REMANDED.