In re Harrison, Ronald, Indiv.; Harrison, Doris; — Plaintiffs); applying for writ of cer-tiorari and/or review; to the Court of Appeal, Fifth Circuit, No. 96-CA-1005; Parish of Jefferson, 24th Judicial District Court, Div. “D”, No. 429-570.
Granted. See order.

ORDER

The judgment of the court of appeal is reversed insofar as it amended the Partial Summary Judgment of the trial court to exclude damages of $51,276.26 for the treatment of Avery Doyle Harrison. In all other respects the judgment of the court of appeal is affirmed.
Contested issues of fact appear to make a determination of whether and/or under what circumstances plaintiff is entitled to pursue a claim relative to the medical treatment rendered to Avery Doyle Harrison inappropriate for resolution by summary judgment. In connection with the trial on the merits of plaintiffs claims, the trial court is directed to receive evidence on and to determine the following issues, either prior to trial or at the trial on the merits:
1.Whether liability is deemed admitted and plaintiff is entitled to pursue a claim to recover one maximum award of up to $500,-000 in damages from the Louisiana Patient’s Compensation Fund (subject to credit for settlements paid) for the medical treatment and deaths of both Avery Doyle Harrison and Doris Harrison, plus medical expenses incurred; or
2. Whether plaintiff is entitled to pursue claims to recover two maximum awards of up to $500,000 each, plus medical expenses incurred, from the Louisiana Patient’s Compensation Fund in connection with the treatment of Avery Doyle Harrison and Doris Harrison (subject to credit for settlements paid) but with plaintiff being required to prove liability as to the claim relative to Avery Doyle Harrison; or
3. Whether any and all claims plaintiff may have against the Louisiana Patient’s Compensation Fund relative to the medical treatment of Avery Doyle Harrison are precluded by the settlement agreement entered into by Ronald Harrison, Individually and on behalf of his minor child, Avery Doyle Harrison; and
4. The extent to which the Louisiana Patient’s Compensation fund was a party to, ratified, or is otherwise estopped to complain of any agreements the court may find were made relative to the settlement agreements entered into by the plaintiff.
The parties may appeal the ruling of the trial court on these issues after a judgment on the merits.
TRAYLOR, J., not on panel.