JACHARLES R. JONES, Judge.
The plaintiff, Lucio Chacon, seeks our supervisory jurisdiction to review judgment granting the Motion for summary *107 judgment filed by the defendant, United Kingdom Mutual Steamship Assurance Association (hereinafter “United Kingdom”), and dismissing Mr. Chacon’s lawsuit with prejudice. The judgment was orally rendered on January 12, 2001, and a written judgment was signed on January 16, 2001. Mr. Chacon filed his notice of intention to seek supervisory writs on February 12, 2001 and sought an extension of the return date. The district court signed an order directing that the writ application be filed on or before March 12, 2001. The writ application was timely filed. On March 20, 2001, the respondent filed a motion to dismiss the writ application, arguing that the judgment was a final appealable judgment. Mr. Chacon filed a reply brief on April 2, 2001.
FACTS
Mr. Chacon, a seaman, allegedly seeks damages suffered while employed by Lykes Brothers Steamship, Co., Inc. (hereinafter “Lykes”) as a wiper aboard the S/S Louise Lykes. Mr. Chacon filed suit against Lykes in March of 1995. Lykes filed for bankruptcy in October of 1995, and all legal proceedings pending against Lykes were stayed. According to the respondent, the Lykes bankruptcy estate is | pstill under administration. In August of 1998 the bankruptcy court entered an order permitting Mr. Chacon to file a direct action against Lykes’ insurer, United Kingdom. In November of 2000 United Kingdom filed a motion for summary judgment seeking the dismissal of the plaintiffs action. United Kingdom alleged that it was undisputed that the bankruptcy order permitting the plaintiff to sue United Kingdom only allowed Mr. Chacon to collect his excess tort claim from United Kingdom because the applicable deductible was deemed waived. The deductible on the policy was $100,000. Averring that Mr. Chacon’s claim did not exceed the deductible on the policy, United Kingdom maintained that summary judgment should be rendered in its favor dismissing this lawsuit. Following a hearing, the district court granted the motion and dismissed Mr. Chacon’s lawsuit.
DISCUSSION
The first issue to be addressed is whether the judgment dismissing Mr. Cha-con’s action is a final appealable judgment.
The respondent alleges that the judgment rendered by the trial court is a final appealable judgment because it dismissed Mr. Chacon’s entire lawsuit. The language of the judgment supports the respondent’s allegation that the entire lawsuit was dismissed. However, both parties admit that the present lawsuit was originally filed against Lykes, and that the proceedings against Lykes have been stayed. Accordingly, the district court did not have the authority to take any action to dismiss the case against Lykes. The judgment was rendered pursuant to a motion for summary judgment that was only filed on behalf of United Kingdom. For this reason, the trial court was only dismissing the case as to United Kingdom. Additionally, the judgment fails to meet the requirements for finality as specified in La. C.C.P. 1915, which provides in relevant part:
laArt. 1915. Partial final judgment; partial judgment; partial exception; partial summary judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party *108 plaintiffs, third party defendants, or in-terveners.
[[Image here]]
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
* * «=
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the pmpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties, (emphasis added)
In the instant case, we conclude that at least one other party remains in the litigation, thus, the judgment is a partial summary judgment. Further, the judgment was not designated as a final judgment by the court or the parties; thus, it is not appealable. Accordingly, the motion to dismiss has no merit.
|4The next issue to be addressed by the court is whether the district court erred in granting United Kingdom’s motion for summary judgment. The sole issue presented in the motion was whether Mr. Chacon would be able to prove that his damages exceeded $100,000, the amount of the deductible on the policy covering Lykes.
A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LA. C.C.P. art. 966 B. A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Coates v. Anco Insulations, Inc., 2000-1331 (La.App. 4 Cir. 3/21/01), 786 So.2d 749, citing Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992).
Although the summary judgment procedure is now favored, the burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy *109 his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
| ¡¿Thus, the initial inquiry in determining the merits of a motion for summary judgment is whether the movant made a prima facie showing that the motion should' be granted. Having reviewed the documents filed with the writ application, it is impossible for us to conclude that the plaintiff showed that his claim will not exceed $100,000.
United Kingdom’s motion was based solely on the supposition that the value of the plaintiffs claim could not possibly exceed $100,000. The burden of proving the amount of damages rests with Mr. Chacon. Accordingly, in order to prevail on its motion United Kingdom needed to show that Mr. Chacon’s claim was worth less than $100,000. According to Mr. Cha-con, United Kingdom failed to support its motion with any documents evidencing the extent of the his injuries. In fact Mr. Chacon alleges that no documentary evidence whatsoever was presented with the motion. Instead, United Kingdom merely made conelusory statements in its memorandum and cited four cases to support their contention that the amount of damages due Mr. Chacon could not possibly exceed $100,000.
Further, this is not a case wherein the uncontested facts established that the plaintiffs claim was worth less than $100,000. The only relevant uncontested material facts are: 1) that Mr. Chacon was injured on March 22, 1992 while employed as a wiper aboard the S/S Louise Lykes, 2) that Mr. Chacon could only collect from United Kingdom the excess tort claim because he is deemed to have waived any applicable deductible, and 3) the deductible on the policy is $100,000.
United Kingdom admitted that Mr. Cha-con sustained a tear of his right tendon on March 22, 1992. However, they averred that he was made fit for sea duty on July 22, 1992, and that he remained fit for sea duty until March 13, 1994, when he re-injured his arm. Following the second injury, he was allegedly made|fifit for duty again on June 29, 1994. Based on this scenario of events, United Kingdom argued that since Mr. Chacon only missed approximately five and a half months of work, his damages could not exceed $100,000. To support this proposition they argued that his gross income in 1992 was $5,495 and his 1993 income totaled $28,405. Based on these allegations they argued that his lost wage claim could not exceed $14,200. Further they argued that a reasonable pain and suffering award could not exceed the $100,000 deductible.
It does not appear that the respondent established that Mr. Chacon would not be able to prove damages in excess of $100,000. Mr. Chacon avers that he is seeking recovery of damages in excess of $250,000, plus reimbursement for maintenance and cure. He further avers that he has asserted three causes of action in his petition. The first cause of action is a Jones Act claim based on negligence and the unseaworthiness of the vessel. The second cause of action is based on general maritime law to recover damages for the defendant’s failure to provide a safe place to work. The third claim is for damages for the failure of the defendant to pay reasonable and necessary maintenance and cure. Mr. Chacon alleges that damages sought include damages for lost wages, future lost wages, past medical expenses, future medical expenses, past pain and suffering and mental anguish, future pain and suffering and mental anguish, and past and future financial hardships. Mr. Cha-con further alleges that the court should determine the per diem of maintenance, *110 and that it is forty-five dollars a day in the Eastern District of Louisiana.
Yet in its Motion for Summary Judgment the respondent did not address the amount reasonably recoverable for each of these items of damages. More importantly, the respondent based its total assessment of damages on the ^supposition that this was merely a five and a half-month injury. Mr. Chacon alleges an ongoing disabling condition. His affidavit dated January 8, 2001, seems to support this allegation wherein he states that he ruptured his right bicep while working aboard the S/S. Louise Lykes on March 22, 1992. He further states that he attempted to return to work after sustaining the injury, but he experienced excruciating pain when he attempted to perform his job duties. Finally he states that he is still in pain, and surgery has been recommended to correct the problem.
We refer to Budget Rent-A-Car v. Gradnigo, 611 So.2d 147 (La.App. 3 Cir.1992), where the court considered the issue of whether a $15,000.00 award for pain and suffering was excessive and concluded that it was not. That case involved injuries suffered in an automobile accident. The plaintiff missed only four days of work; she underwent approximately four months of physical therapy, and she performed light duty as a nurse’s aid for ten months. At the time of trial, which was held approximately two years after the accident, the plaintiff was still suffering headaches and her arm was scarred. The instant case is a seaman’s case. The plaintiff indicates that he still experiences pain in his bicep over eight years after his injury occurred, and he has been unable to perform his normal duties since the original injury occurred in 1992. The injury to the plaintiff and its effect on his employment possibilities appears to be very different from that of the plaintiff in Budget Rent-A-Car.
Benandi v. Shoney’s, Inc., 526 So.2d 338 (La.App. 4 Cir.1988) also provided little support for the respondent’s position. In Benandi the court found that the trial court abused its discretion by only awarding the plaintiff general damages of $2,500 for injuries suffered in a slip and fall accident. This court, noting that the fractured arm caused a considerable degree of inconvenience and | ¿pain and possibly some financial loss, increased the general damages award to $10,000. The amount of damages was determined after a full trial wherein the court had the benefit of testimony and other documentary evidence. In the instant case, the respondent presented no documentary evidence or testimony to substantiate the value of the plaintiffs claim. The respondent cited no facts to support its speculation that the Mr. Chacon’s damages cannot possibly exceed the $100,000 deductible.
The amount of damages to be awarded in a given case is a question of fact. However, a summary judgment may be rendered on the issue of damages if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893, 897. However, as noted in Harrison v. Smith, 96-1005 (La.App. 5 Cir. 4/29/97), 694 So.2d 1090, reversed on other grounds, 97-1402 (La.10/3/97), 701 So.2d 182, claims of general damages are subjective and do not lend themselves to exact and consistent quantification.[1] Be *111 cause it is possible for reasonable persons to differ as to the proper amount of such damages, it is often difficult to say what reasonable minds would conclude. Rather, a determination of the damages due in a particular case is fact specific. Further, as noted in Evans v. Nogues, 98-1827 (La.App. 4 Cir.1/27/99), 726 So.2d 1115, it is often not possible to attach a value to the pain and suffering |gassociated with surgeries as a matter of law in the same manner that it is possible to determine economic loss.
In addition to the uncertainty of the amount due as general damages, the motion for summary judgment apparently contained no evidence to establish Mr. Chacon’s salary history. Further, given the substantial difference in the amount of income earned in 1992 (the year of the injury) and the amount of income earned in 1993, some documentation and/or explanation should have been provided to establish the amount of lost wages. More importantly, as stated earlier, the motion for summary judgement only addressed the damages due for lost wages and general damages. If in fact Mr. Chacon is seeking maintenance and cure, future lost wages, and other damages, the respondent should have shown that Mr. Chacon cannot prove that he is entitled to such damages. Alternatively, the respondent should have shown that adding these amounts to the damage award would still not cause the damage award to exceed the amount of the $100,000 deductible.
DECREE
Because the movant failed to present a prima facie case that no genuine issue of material fact exists as to whether the damage award will exceed $100,000, the district court erred in granting the respondent’s motion for summary judgment. The writ application of Lucio Chacon is granted and that the judgment of the district court granting United Kingdom’s Motion for Summary Judgment is reversed. We also deny United Kingdom’s Motion to Dismiss.

WRIT GRANTED; MOTION TO DISMISS DENIED.

. Also see, Barbee v. Pigott, 398 So.2d 137 (La.App. 3 Cir.1981), wherein Judge Stoker, in a concurring opinion, stated, "In cases in which the trier of fact must determine the *111 quantum of general damages in a personal injury action, I am not convinced that judgment for a plaintiff on a motion for summary judgment is proper. The reason for my doubt is that determining quantum is a subjective consideration not subject to exact factual proof.” Id. 398 So.2d at 140