172 So.2d 708 (1965)
Raymond BROWN et al.
v.
B & G CRANE SERVICE, INC., and/or Sun Erection Co., Inc., and Aetna Casualty & Surety Company.
No. 1784.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
*709 Ralph E. Orpys, New Orleans, for plaintiffs-appellants.
Adams & Reese, Richard C. Baldwin, New Orleans, for defendants-appellees.
Christovich & Kearney, Lawrence J. Ernst, New Orleans, for intervenor-appellant.
Before McBRIDE, CHASEZ and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
This is a suit in tort brought by two injured workmen. The merits of the case are not before us at this time, and the only question we must decide at this stage of the proceeding is whether the motion for summary judgment dismissing the suit should have been granted or denied. From a district court summary judgment dismissing their suit, plaintiffs and intervenor have appealed.
There appears to be no dispute that plaintiffs Raymond M. Brown and Jack O'Shea, employed as iron workers on a structural steel building under construction by George Construction Company, were injured in the course of employment, March 15, 1963. The Great American Insurance Company, compensation insurer of George Construction Company, has made substantial payments of workmen's compensation benefits to the injured workmen.
A structural steel beam, or truss, on which plaintiffs were working was knocked to the ground from a considerable height when a second truss being hoisted into position came into contact with it or in some manner cut a supporting cable. The crane was at the time owned and being operated by the defendants B and G Crane Service, Inc., and Sun Erection Company, Inc., whose public liability insurer is Aetna Casualty and Surety Company, all made defendants herein.
Plaintiffs have brought suit in tort against defendants on the allegation that the cause of their accident and resultant injuries was the negligent operation of defendant's crane by its operator and employee. The Great American Insurance Company has intervened to be reimbursed on account of compensation paid and to be paid.
Depositions of the two injured workmen and George Salvaggio, who on the date of the accident was secretary-treasurer of George Construction Company, were taken. Thereafter a motion for summary judgment was filed on behalf of defendants based on the authority of Truitt v. B & G Crane Service, Inc., 165 So.2d 874, (La. App. 4th Cir. 1964). Defendants contend that the "borrowed servant" doctrine, discussed and applied by this Court in the Truitt case, is applicable in the instant case.
On October 23, 1964, the motion for summary judgment was heard, argued and submitted and judgment entered in favor of defendants as prayed for dismissing plaintiffs' suit. Attached to plaintiffs' answer to the motion for summary judgment are affidavits by plaintiffs Brown and O'Shea each containing an allegation of "possible" or "probable" mechanical defect in defendant's crane. No reasons for judgment are given, and we assume the trial court based its judgment on the Truitt case.
Summary judgment procedure made its debut into the procedural law of Louisiana with the adoption of the Code of *710 Civil Procedure by Act 15 of 1960. It is substantially as provided in Rule 56(a)-(c), Federal Rules of Civil Procedure. It is to be noted under "Official Revision Comments" following LSA-C.C.P. art. 966, it was not contemplated that this procedure would be successfully utilized often. Evidently it was intended that it be used sparingly and not as a substitute for trial.
Since this device was adopted into our law, quite a few occasions have arisen for our courts to apply it; and in setting out jurisprudential guidelines to govern its application, we have, of necessity, given much consideration to the federal cases prior to 1960. We have now fairly well defined our own limits of application and they may be stated rather simply.
If the pleadings, supporting affidavits, depositions, and exhibits submitted in connection with the motion for summary judgment reveal that there exists no genuine issue of material fact, a summary judgment should be granted as a matter of law. Stated conversely, it should be denied if there is (1) a genuine issue of fact and (2) it is material to the case. The party making the motion carries the burden of proof.
Formall allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact. A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court.
We have attempted in the foregoing statement to summarize the opinions of the courts in the following cases: Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir. 1963); McDonald v. Grande Corporation, 148 So.2d 441 (La.App. 3rd Cir. 1962); Touchet v. Fireman's Insurance Co. of Newark, N. J., 146 So.2d 441 (La.App. 3rd Cir. 1962); Walmsley v. Gilmore, 144 So. 2d 625 (La.App. 4th Cir. 1962); Jacobs v. Beck, 141 So.2d 920 (La.App. 4th Cir. 1962). See 21 La.L.Rev. 209 and numerous federal cases cited therein.
It is difficult in the instant case to disregard, for the purpose of the question before us, our opinion in the Truitt case since the same defendant is before us with an almost parallel factual situation as to the accident caused by operation of its crane. That case is authority pertinent to the application of the "borrowed servant" doctrine, but that point cannot be reached in this case until the question of employment and control of the crane operator is more fully revealed. It would be manifestly unfair to the plaintiffs in this case to assume that the rental agreement with this contractor was identical with that in the Truitt case, or to hold them responsible for the failure of Truitt to prove his case by a preponderance of the evidence. Every case must be individually considered and each litigant is entitled to his day in court. It is conceivable that plaintiffs can make out a stronger case than Truitt did.
The affidavit of the president of B & G Crane Service, Inc., is to the effect that the truck-crane was leased or rented to plaintiff's employer on an hourly basis and included the furnishing of an operator and an oiler. He stated that the operator is the employee of B & G, but that on this particular job he was subject to direction, control and supervision of the lessee of the equipment, its agents and employees. If there was a written lease agreement, it is not in the record before us.
Defendants also rely on the depositions of the two plaintiffs and Mr. Salvaggio to establish the factual situation necessary to support the "borrowed servant" doctrine. The plaintiffs are skilled laborers and not presumed to know the contractual relationship between their employer and the B & G Crane Service, Inc. Their *711 understanding of the controls, supervision and management of the various crafts and subcontractors engaged in the project cannot be the basis for a conclusive factual finding.
Mr. Salvaggio in a managerial capacity knows in general the terms of rental contracts and in the course of management supervision visited the job at intervals for short periods. He was questioned, as were plaintiffs, along the line of who told the crane operator what to do; which piece of structural steel to lift and when? etc. He answered that it was the responsibility of George Construction Company's superintendent or foreman. He also said that the crane operator is sometimes a better judge of the situation than others and in substance that it was more a matter of teamwork than one man telling another what to do.
A distinction should be made between authoritative direction and control and mere suggestion as to detail, and this presents a question of fact peculiar to each individual case. It cannot safely be answered without a full hearing of the witnesses on the trial of the case on the merits.
Plaintiffs and intervenor have cited Benoit v. Hunt Tool Co., 219 La. 380, 53 So. 2d 137. The opinion of the Supreme Court in that case is relevant to the merits of this case only after a trial on the merits and all factual evidence is before the court.
We think there is a genuine issue of fact presented by the pleadings, depositions and affidavits and that it is material to the case. We therefore conclude that the defendants have not clearly discharged the burden imposed upon them and therefore cannot invoke the provisions of LSA-C.C.P. art. 966. Their motion for summary judgment should have been denied.
The summary judgment appealed from is therefore reversed, annulled and set aside, and the motion for summary judgment is denied and the case remanded for trial on the merits according to law. Costs of this appeal are to be paid by defendants-appellees; all further costs to await final judgment.
Reversed and remanded.