YELVERTON, Judge.
The plaintiff, Freddie Dominick, brought this workmen’s compensation suit against his employer, the Department of Health and Human Resources, Office of Family Security, and its insurer, Rockwood Insurance Company. After a trial on the merits, the trial court found that plaintiff’s accident did not arise out of and in the course of his employment, and dismissed the action. Plaintiff appealed. We affirm.
In well-written reasons for judgment, the trial court found the following facts, which our review of the record substantiates and from which we quote:
“Dominick was employed as a ‘custodial worker IIP by the Office of Family Security, Louisiana Department of Health and Human Resources . . .

“On June 2, 1978, the Petitioner was involved in an automobile accident at the intersection of Enterprise Boulevard and 12th Street in the City of Lake Charles. He contends that as a result of this accident he suffered disabling injuries for which he is due compensation. The accident occurred while the claimant was taking his wife to the Mental Health Clinic on Kirkman Street to. keep an appointment. He was traveling in a personally owned vehicle.
“Mr. Dominick’s immediate supervisor was Mrs. Shirley Verrett, Administrative Assistant. She testified that among his other duties, on alternate Fridays, he was *275 instructed to pick up CETA checks after 1:30 P.M. and before 4:30 P.M. He was authorized and directed to use a State vehicle for that purpose. On the date in question he arrived for work 30 minutes late. He requested permission to take his wife to the doctor and this was approved ...”
There are some conflicts in the testimony as to what happened after that. Plaintiff testified that he left the office around 12:30 P.M., picked up his wife at 20 minutes to one, had the wreck at 1:00 P.M., then returned to the office arriving at about 1:30 P.M. He stated that it had been his intention to take his wife to the Mental Health Clinic then pick up the CETA checks on the same trip. He stated he was unable to do that because his personal automobile was not drivable after the accident and he had to catch a ride back to the office. Dominick denied that he was on annual leave when the accident happened.
The other version of the chronology of events, and the version found by the trial court to be true facts, was that plaintiff left the office at 11:00 A.M. and did not return until 3:00 P.M. During this interval he was charged annual leave, a customary practice in the Agency when an employee wanted time off for purely personal business.[1] The accident happened at 1:00 P.M. Plaintiff’s wife was taken to the hospital emergency room for observation. Plaintiff himself returned to work (the injury his present suit alleges occurred in that accident did not immediately manifest itself). He got back to the office at 3:00. He was then instructed to proceed to the CETA headquarters to pick up the checks. He did so, using an Agency car, and returned the checks to the office. He immediately left again to see about his wife at the hospital. When the office closed at 4:30 P.M. he had not yet returned.
The trial court further found that:
“There were conflicts between the testimony of Mr. Dominick and that given by other workers at the agency.
“Although the method of granting annual leave for portions of days, even for periods as short as 30 minutes, may be somewhat unusual, witnesses were in agreement and reciting that it was a well-established practice. The accident which resulted in the injury complained of occurred while the Plaintiff was driving his wife to keep an appointment at the mental health clinic, in his own personal automobile. He had requested and received permission to absent himself from his duties during that time and the period was charged to his annual leave allowance.”
The trial judge rejected Dominick’s contentions that at the time of the accident he was on a combined mission involving his personal business and his employer’s business. The trial court found that when the accident happened plaintiff was on annual leave in his personal car going about his personal business which was in no way related to the business of his employer. When testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact drawn by the trier of facts should not be disturbed on appeal. Clay v. Bituminous Casualty Corporation, 401 So.2d 1257 (La.App. 1 Cir. 1981). Our review of the entire record convinces us that there was ample evidence on which the trial court could reasonably base his findings of fact.
We now move to a consideration of the primary issue on this appeal, and that is whether, on these facts, the plaintiff’s accident arose out of or in the course of his employment. An accidental injury is com-pensable only if it arises out of and occurs in the course of the employment. La. R.S. 23:1031.
In Whitney v. U.S. Fidelity and Guaranty Insurance Company, 373 So.2d 728 (La.App. 2nd Cir. 1979), writ refused, 376 So.2d 320 (1979), an excellent and concise review is made of the jurisprudence *276 interpreting the “arising out of” and “in the course of his employment” criteria. The Second Circuit in that case observed that the “arising out of” requirement demands inquiry into the relationship of the accident to the necessities of the plaintiff’s employment and in some instances the character of origin of the risk, while the “in the course of” requirement brings into focus the time and place relationship between the risk and the employment. An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. In determining whether the accident arises out of the plaintiff’s employment, two factors are considered:
1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and
2) Did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?
Applying these tests to the facts, the record shows'that the accident in which Mr. Dominick sustained his disabling injuries did not occur in the course of his employment. Neither the time nor the place requirements were met. As previously discussed, the plaintiff was on approved annual leave requested by him at the time of the accident. Additionally, the place of the accident was not one contemplated by the plaintiff’s employment. At the time of the accident, the plaintiff was traveling in the opposite direction from both his employment office and the place where he picked up the CETA checks. Therefore, the place of the accident was not one contemplated by the plaintiff’s employment.
The accident did not arise out of the plaintiff’s employment. Mr. Dominick was driving his wife to the doctor in his personal vehicle when the accident occurred. The trial court found that this was not a combined trip to pick up the CETA checks for his employer and to deliver his wife to the clinic. There was no relationship between this venture and the work for which the plaintiff was employed. The facts of this case also conclusively show that the necessities of the employer’s business did not reasonably require that Mr. Dominick be at the place of the accident at the time the accident occurred.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.

. He was charged annual leave only from 12:30 P.M. to 3:00 P.M. His normal lunch hour (11:30 A.M. to 12:30 P.M.) was not charged against him and he was apparently given an extra 30 minutes free of charge.