457 So.2d 868 (1984)
David John SMITH, Plaintiff-Appellant,
v.
A.I.U. INSURANCE COMPANY, et al., Defendants-Appellees.
No. 83-862.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*869 Ford and Nugent, William M. Ford, Alexandria, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendants-appellees.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
This is a suit for workmen's compensation benefits which involves a determination of whether the plaintiff-appellant, David Allen Smith, was within the course and scope of his employment when he sustained his disabling injuries. The plaintiff-appellant perfected this appeal of the trial court's judgment which denied recovery from the defendant-appellee, Wendy's of Louisiana, Inc. and its compensation insurer, A.I.U. Insurance Co.
The facts of the case are not in dispute. The plaintiff is a kitchen helper at a Wendy's restaurant in Alexandria, La. On the night of January 18, 1982, the plaintiff volunteered to drive his manager home after they closed the restaurant for the evening. Before driving directly to the manager's home a slight detour was necessary in order to make the nightly deposit of the cash receipts of the day. The plaintiff then brought his manager home and on the return trip to his own home the plaintiff was involved in a vehicular collision that caused his disabling injuries. Mr. Smith was totally disabled from January 18, 1982 through April 15, 1982. No weekly compensation benefits nor any medical expenses have been paid to the plaintiff by his employer. The plaintiff filed this suit seeking to recover total disability benefits and the medical expenses incurred for the treatment of the disabling injuries.
After a trial, a judgment was rendered in the defendant's favor on the ground that the plaintiff's drive home was not within the course and scope of his employment by the defendant thereby making the plaintiff's disabling injuries non-compensable. The plaintiff appeals this determination and it constitutes the sole issue of this appeal.
LSA-R.S. 23:1031 provides that workmen's compensation shall be allowed for an accidental injury "arising out of and in the course of" the plaintiff's employment. Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3rd Cir.1982). Mr. Smith's car accident must arise out of and be in the course of his employment in order for him to be entitled to recovery in this suit. The general rule is that injuries sustained while in transit to or from the work place do not arise out of the claimant's employment nor are they in the course thereof. Castille v. Sibille, 342 So.2d 279 (La.App. 3rd Cir.1977); Johnson v. Aetna Casualty & Surety Co., et al, 387 So.2d 1340 (La.App. 1st Cir.1980). Therefore, the plaintiff's recovery is precluded unless his car accident falls within one of the exceptions to this rule.
Castille outlines three exceptions to the general rule that injuries sustained in transit to or from the jobsite are non-compensable. First, if the employer provides transportation then an injury sustained in an automobile going to or coming from work is compensable. Second, benefits are due if an employee is injured in a vehicular accident if the employer provides expenses or wages for the time spent traveling in the vehicle. Third, benefits are due in those cases where the operation of the motor vehicle is incidental to or is actually the performance of some employment responsibility.
*870 The first exception does not apply to this case because the plaintiff was using his own vehicle when he sustained the disabling injuries. The second exception does not merit recovery because Wendy's did not furnish wages or expenses to the claimant for time spent in transit to or from the jobsite. Finally, the third exception does not apply because the plaintiff was not discharging any employment responsibility after he assisted in delivering the nightly cash deposit. When this task was completed he was off duty and any injuries sustained after the deposit did not arise from or occur in the course of his employment.
The plaintiff-appellant contends that the necessities of his employer's business reasonably required that he be at the place of the accident at the time that the accident occurred thereby entitling him to disability benefits. Dominick v. Dept. of Health and Human Resources, 406 So.2d 273 (La. App. 3rd Cir.1981). The contention is that Mr. Smith would not have been on the particular road of the accident when it occurred had he not assisted in delivering the nightly deposit and then brought his manager home. Appellant points out that his manager lives in the outskirts of Alexandria where there was only one available route back into the city, thereby forcing Mr. Smith to be on the particular road where he was injured. This contention is without merit. The fact that the plaintiff had a very limited choice in his route home is irrelevant. The fact remains that the plaintiff was under no duty to go in any particular direction or to discharge any duty but was in fact free to pursue his pleasure when he was involved in the accident. Dominick, supra. Therefore his injuries were not sustained in an accident that arose out of and in the course of his employment by the defendant. Compensation benefits were properly denied.
For the above and foregoing reasons, the judgment of the trial court is affirmed at David Allen Smith's (plaintiff-appellant) cost.
AFFIRMED.