1, KNOLL, Judge.
Plaintiffs appeal the trial court’s grant of motion for summary judgment in favor of defendant hospital in this medical malpractice case. Defendant hospital answered the appeal and requested damages for frivolous appeal. The sole issue upon appeal is whether there exists a genuine issue of material fact regarding the defendant hospital’s failure to provide proper equipment in its birthing room, namely scissors for an episiotomy. We find the disputed fact to be immaterial to the outcome of this case; accordingly, the summary judgment is affirmed.
FACTS
On February 7, 1992, Lisa Meyers went into labor and was admitted to Lafayette General Medical Center. Her labor progressed and her obstetrician, Dr. Patricia Burch, was notified. The childbirth was unremarkable until the child’s head was delivered. At that point, the child’s left shoulder became stuck behind the |2symphysis pubis of the mother. Dr. Burch noted the complication as shoulder dystocia and instructed the staff to place Mrs. Meyers on her left side. She then attempted to free the child’s shoulders by placing her hand inside Mrs. Meyers’ vagina and rotating the child’s right shoulder counter-clockwise. This freed the left shoulder and the child was delivered. Dr. Burch noted that the child did not move its right arm after delivery. The child was diagnosed with right brachial plexus palsy.
The plaintiffs brought suit alleging malpractice on the part of Dr. Burch in that she should have performed an episiotomy on Mrs. Meyers. They also asserted that the hospital was negligent in that the birthing room did not contain the equipment necessary to perform an episiotomy. Only the negligence of the hospital is an issue for this appeal.
An episiotomy is a relatively common procedure in which the perineum of the mother is cut to facilitate childbirth. The perineum is the skin between the rectum and the vagina. The only instrument necessary for this procedure is a pair of specialized scissors.
Whether these scissors were available in the birthing room is hotly contested by the litigants. Mr. and Mrs. Meyers said that they saw no equipment to perform an episio-tomy, while defendant hospital has submitted an affidavit in which it claims that there is no case in which the scissors would be unavailable. Dr. Burch testified that although she *615 could not remember seeing the scissors, she could not recall a time when scissors were unavailable.
LAW
In the recent case of Smith v. Our Lady of the Lake Hospital, Inc., 93—2512 (La. 7/5/94), 639 So.2d 730, the Louisiana Supreme Court provided a thorough review of the law of summary judgment. Smith provided, in relevant part:
IsSummary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); see Wright, Miller & Kane, Federal Practice and Procedure, Sec. 2716 (Supp.1991). “Stated conversely, [summary judgment] should be denied if there is (1) a genuine issue of fact and (2) it is material to the case.” Brown v. B & G Crane Service, Inc., 172 So.2d 708, 710 (La.App. 4th Cir.1965).
Smith, 639 So.2d at 750-751.
An issue is genuine if reasonable persons could disagree. Assuming that reasonable persons could disagree on the presence or absence of scissors, we will focus our analysis on the materiality of the disputed fact to the outcome of the case. In Smith, 639 So.2d at 751, the court stated:
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). “[F]aets are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” South Louisiana Bank v. Williams, 591 So.2d 375, 377 (LaApp. 3d Cir.1991), writs denied, 596 So.2d 211 (La. 1992).
The fact that Dr. Burch did not request episiotomy scissors is not in dispute. A reading of her deposition indicates that she chose not to perform an episiotomy, and the propriety of that decision is not the issue before this court. Whether there were twenty pairs of scissors or whether there were none, Dr. Burch had already decided not to perform the procedure. Therefore the number of scissors in the birthing room is not a material fact that is determinative of the outcome of this dispute.
Plaintiffs’ claim against Dr. Burch, inter alia, is failing to perform an episiotomy. There is absolutely no evidence to suggest that Dr. Burch chose not to ^perform an episiotomy because the proper equipment to perform an episiotomy was not available. Dr. Burch’s professional judgment is being attacked by the plaintiffs and the presence or not of scissors is immaterial to their medical malpractice claim. Thus, while there is a disputed fact, it is not a material fact.
Plaintiffs argue and suggest that the reason that Dr. Burch did not perform the epi-siotomy was that she did not see any scissors in the birthing room. This assertion is rebutted by Dr. Burch’s statement that she could never remember a time when there were no scissors available during a delivery. Dr. Burch testified that although she could not specifically recall the scissors being there, she had never been in a delivery in which scissors were unavailable. In short, her deposition indicates that the presence or absence of the scissors was not a factor in her decision. The plaintiffs have offered no contradictory testimony.
La.Code Civ.P. art. 967 provides that the non-moving party in a motion for summary judgment may not rest on the mere allegations or denials of his pleadings, and that he must set forth specific facts showing that there is a genuine issue for trial. Therefore, the plaintiffs must show beyond a mere allegation that the reason Dr. Burch did not perform the episiotomy was because there were no scissors. We find that they have not. Lafayette General Medical Center was entitled to judgment as a matter of law; therefore, summary judgment in its favor was proper.
*616 ATTORNEY’S FEES
The award of damages for frivolous appeal is authorized by La.Code Civ.P. art 2164. Appeals are favored, however, and damages for frivolous appeal will be awarded only when it is apparent that appeal was taken for purposes of delay, or where counsel is insincere in the view he advocates. Hampton v. Greenfield, 618 |sSo.2d 859 (La. 1993). Although we find that the plaintiffs’ appeal is far from meritorious and borders on being frivolous, we decline to award frivolous damages.
For the foregoing reasons, the trial court’s grant of summary judgment in favor of Lafayette General Medical Center is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.