STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-461

BRANDON JAGNEAUX

VERSUS

RONALD R. FROHN, J&J EXTERMINATING
COMPANY OF LAFAYETTE, INC., AND
OLD REPUBLIC INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEETH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-7695 "G"
HONORABLE DURWOOD CONQUE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese,
Judges.

REVERSED.

Lance S. Ostendorf
John G. Alsobrook
Ostendorf, Tate, Barnett & Tagtmeyer, L.L.P.
650 Poydras Street, Suite 1460
New Orleans, Louisiana 70130
(504) 527-0700
COUNSEL FOR DEFEDANTS/APPELLANTS:
      Ronald R. Frohn, J&J Exterminating Company of
      Lafayette, Inc., and Old Republic Insurance Company

**James E. Diaz, Jr.**
**John E. Ortego & Associates**
**Post Office Box 88040**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, Louisiana 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Tad King and Sandra Kling**

**Victor Versaggi**
**Domengeaux Wright Roy & Edwards**
**556 Jefferson Street**
**Jefferson Towers, Suite 500**
**Post Office Box 3668**
**Lafayette, Louisiana 70502-3668**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Brandon Jagneaux**

**GENOVESE, Judge.**

Defendants, Ronald R. Frohn, J&J Exterminating Company of Lafayette, Inc., and Old Republic Insurance Company, appeal the trial court's grant of a Motion for Partial Summary Judgment on Liability in favor of Defendants, Tad Kling and Sandra Kling. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

The instant litigation arises out of a motor vehicle accident that occurred on September 21, 2009, in Lafayette, Louisiana. At the time of the accident, Defendant, Ronald R. Frohn, was driving a vehicle owned by his employer, J&J Exterminating Company of Lafayette, Inc., with his co-employee, Scott Sonnier, riding as a guest passenger. Mr. Frohn was proceeding southbound on Bendel Road following a white sports utility vehicle (SUV). Mr. Frohn avers that the SUV slowed down rapidly causing him to move into the center turn lane; however, the SUV also moved into the center turn lane directly in front of his vehicle. In an effort to avoid an accident with the SUV, Mr. Frohn then re-entered the southbound lane. When Mr. Frohn returned to the southbound lane, he did so in front of the vehicle being driven by Plaintiff, Brandon Jagneaux. To avoid a collision with Mr. Frohn, Mr. Jagneaux applied his brakes, veered to the right of the roadway, and struck a fence. Following the incident, Mr. Frohn obtained what he believed to be the license plate number of the white SUV that he had encountered. It was later learned that the owners of the SUV matching that license plate number were Defendants, Tad and Sandra Kling.

Mr. Jagneaux filed suit against Defendants, Ronald R. Frohn, J&J Exterminating Company of Lafayette, Inc., and Old Republic Insurance Company (collectively J&J). He later amended his petition to also name the Klings as Defendants. The Klings filed a Motion for Partial Summary Judgment

on Liability. Following a hearing on same,[1] the trial court granted the motion in favor of the Klings. It is from this judgment that J&J appeals.

## ASSIGNMENT OF ERROR

J&J contends that the trial court was manifestly erroneous in granting the Motion for Partial Summary Judgment on Liability in favor of the Klings given the existence of genuine issues of material fact.

## LAW AND DISCUSSION

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La.11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La.3/9/07)], 951 So.2d 1058[ ]; *King v. Parish National Bank*, [04-337 (La.10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La.4/14/04)], 870 So.2d 1002[.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83 (footnote omitted). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his

---

[1]The trial court also heard and granted an Exception of No Cause of Action filed on behalf of the Klings, dismissing a third party demand on behalf of J&J; however, the grant of that exception was not appealed.

> evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Gabriel v. Louisiana Organ Procurement Agency*, 10-251, p. 5 (La.App. 3 Cir. 10/6/10), 48 So.3d 1192, 1195, *writ denied*, 10-2515 (La. 1/7/11), 52 So.3d 887.

Our supreme court has further instructed us as follows:

> A "genuine issue" is a "triable issue." *Toups v. Hawkins*, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing *Brown* [*v. B & G Crane Service, Inc.*, 172 So.2d 708, 710 (La.App. 4 Cir.1965)]). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788, 791 (La.App. 3d Cir.), *writs denied*, 525 So.2d 1048, 1049 (La.1988); *Pace v. Zilka*, 484 So.2d 771 (La.App. 1st Cir.), *writ denied*, 488 So.2d 691 (La.1986); *Mecom v. Mobil Oil Corp.*, 299 So.2d 380, 386 (La.App. 3d Cir.), *writ denied*, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." *Brown*, 172 So.2d at 710; *Sally Beauty Co. v. Barney*, 442 So.2d 820, 822 (La.App. 4th Cir.1983).
>
> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir.1991), *writs denied*, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993); *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co.*, 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); *McCoy v. Physicians & Surgeons Hospital, Inc.*, 452 So.2d 308, 310 (La.App. 2d Cir.), *writ denied*, 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

The Klings, in their Motion for Partial Summary Judgment on Liability, assert:

> The indisputable facts of this case include that TAD KLING was a co-owner of the vehicle driven by his wife and took no part in any material way in the circumstances of this accident, and that SANDRA KLING, likewise, was uninvolved in the subject accident as, at all times pertinent to the facts of this accident, she was completing a visit to her doctor's office, and by the time she left that office the subject accident had already occurred.

The Klings maintain that Mr. Frohn got the license plate number of the wrong white SUV. Although he thought the Kling vehicle was the same vehicle that precipitated the accident, he was mistaken.

In her deposition, Mrs. Kling admitted that she was the primary driver of a white 2009 GMC Yukon. She testified that she was driving this vehicle on the morning of this accident and that she arrived at her doctor's office on Bendel Road at 9:15 a.m. When her appointment was completed, at approximately 9:50 a.m., she stated that she was leaving the parking lot preparing to turn left onto Bendel Road, when she looked to her right and "saw the accident had already happened." She testified that she saw the truck that had struck the fence and that there were people standing around the vehicles.

J&J relies on the deposition testimony of Mr. Frohn to place Mrs. Kling behind the wheel of the white SUV that allegedly caused the subject accident. Mr. Frohn testified that, shortly before the accident occurred, he saw the white SUV which he had attempted to avoid make a left-hand turn into a parking lot. He then began to accelerate and had traveled "three to four car lengths" when he heard the screeching of brakes. In his rear-view mirror, he saw Mr. Jagneaux roll and "come to rest on the fence." Mr. Jagneaux then turned around to return "back to that parking lot that [he] saw the lady in the white SUV turning into[.]" Mr. Frohn testified that he turned into the adjacent parking lot, parked his vehicle, walked to

the entrance of the parking lot that the white SUV had entered, and waited. It was his testimony that he "tried to stop her from leaving and wrote down her license plate number and the vehicle as she proceeded to leave the parking area[.]"

In opposition to the motion, J&J also relies on the affidavit of Mr. Sonnier, wherein he states that while riding as a passenger with Mr. Frohn, he saw the white SUV ahead of them. Mr. Sonnier provides his version of the events prior to Mr. Jagneaux striking the fence. Moreover, Mr. Sonnier attests that "along with Mr. Frohn, [he] continued to watch the white SUV cross the northbound lane of Bendel Road, enter a parking lot and, then, turn around and leave the parking lot." According to Mr. Sonnier, "the white SUV which Mr. Frohn and [he] saw come out of the parking lot, and which Mr. Frohn obtained the license plate number from, was the same vehicle" that they had attempted to avoid.

Mr. Jagneaux was also deposed but was unable to attest to whether or not the white SUV being driven by Mrs. Kling was the same white SUV that he saw in front of the vehicle driven by Mr. Frohn. It was Mr. Jagneaux's testimony that he did not see the white SUV again after he struck the fence. Mr. Frohn told Mr. Jagneaux that he had taken down the license plate number of the SUV.

In granting the Motion for Partial Summary Judgment on Liability, the trial court stated "that the basis of it is not the identification of the SUV but the fact of whether or not this lady was in the doctor's office at the time [the accident occurred.]" The trial court reasoned that it was incumbent upon J&J to refute her attestations, which they failed to do. While we agree that there was no evidence that Mrs. Kling did not have an appointment or did not attend her appointment, such evidence was not necessary to defeat the motion. The evidence introduced establishes that a genuine issue of material fact remains as to whether Mrs. Kling

5

was the driver of the particular white SUV which allegedly caused, at least in part, the subject accident.

As mover, initially, the burden was upon Mrs. Kling to exonerate herself from liability. Her deposition testimony was sufficient to meet this burden as she testified that she, in fact, saw the accident after its occurrence. The burden then shifted to J&J. J&J relies on the testimony of Mr. Frohn and the affidavit of Mr. Sonnier to prove that Mrs. Kling was, in fact, the driver of the white SUV. The result is a "swearing match" and a conflict of testimony between the parties.

> In determining whether summary judgment is appropriate, our jurisprudence cautions that:
>
> > [I]t is not the function of the trial court to determine or inquire into the merits of issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If evidence presented is subject to conflicting interpretations, summary judgment is not proper.
>
> > . . . .
>
> Further,
>
> > Summary judgment may not be granted when supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradicting testimony and assessing witness credibility.
>
> *Johnson v. Gov't Employees Ins. Co.*, 05-476, pp. 5-6 (La.App. 3 Cir. 11/2/05), 916 So.2d 451, 454 (quoting *Federated Rural Electric Ins. Corp. v. Gulf South Cable Inc.*, 02-852, pp. 4-5 (La.App. 3 Cir. 12/11/02), 833 So.2d 544, 546-47 (footnotes omitted)). "If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed." *Strickland v. Doyle*, 05-11, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 852, *writ denied*, 05-1001 (La.6/3/05), 903 So.2d 466.

6

*Portie v. Flavin [Realty] Inc.*, 09-436, p. 4 (La.App. 3 Cir. 11/4/09), 22 So.3d 1143, 1146.

*Harry v. Diamond B Marine Servs.*, 09-1271, pp. 5-6 (La.App. 3 Cir. 4/7/10), 34 So.3d 1023, 1027-28, *writ denied*, 10-1002 (La. 6/25/10), 38 So.3d 347. Based upon our de novo review of the record, we find that there is conflicting evidence creating a genuine issue of a material fact, i.e., the identity of the driver of the white SUV against whom negligence has been asserted. Accordingly, based on the facts set forth in the record of this summary judgment, we find that the trial court erred in granting the Motion for Partial Summary Judgment on Liability in favor of the Klings.

## DECREE

For the foregoing reasons, we reverse the trial court's grant of the Motion for Partial Summary Judgment on Liability. Costs of this appeal are assessed against Appellees, Tad and Sandra Kling.

**REVERSED.**